Mr. Winfred S. Clardy Executive Director Teacher Retirement System #3 State Capitol Mall Little Rock, AR 72201
Dear Mr. Clardy:
This is in response to your request for an opinion on the following questions:
 1. Are all institutions of higher learning in the state of Arkansas considered state agencies?
 2. If the answer to question #1 is yes, are all employees of those institutions who are still active members of the Teacher Retirement System eligible to retire under Act 808 of 1987?
 3. If the answer to question #2 is no, which employees of those institutions are not eligible to retire under Act 808?
I assume your first question is asked in the context of Act 808 of 1987. It is my opinion that the term "state agencies" as it is used in that Act encompasses these institutions. The answer to this question, therefore, is yes.
It would be inconsistent with the intent and purpose of Act 808 to foreclose its application to employees of state colleges and universities who are active members of the Teacher Retirement System. Reference is made in Act 808 to Act 187 of 1987, the Early Retirement Incentive Law of 1987. The Emergency Clause contained in Section 11 of Act 187 states that the early retirement incentives are offered as a means of avoiding "a reduction in work force caused by budgetary restraints." The employees in question are paid as state employees. The purpose and intent of the Act are certainly met by extending the benefits of Act 808 to these individuals
The reference made in Section 3 of Act 808 to "state employees" also supports the conclusion that the Act extends to these institutions. This section cites the specter of "certain inequities" to state employees as the underlying rationale for the Act, revealing that state employees are the true focus of concern. It seems clear that employees of state colleges and universities are considered to be in state service for pay purposes. They are compensated with public funds pursuant to the Higher Education Employee Classification and Compensation Act. Ark. Stat. Ann. 80-4701 et seq. (Repl. 1980). They are, furthermore, designated as "state employees" under 80-4707(B)(5) wherein reference is made to former state employees returning to state service.
The fact that state-supported institutions of higher learning are excluded from the definition of "State Agencies" under the Uniform Classification and Compensation Act does not, in my opinion, compel the conclusion that they are not to be considered state agencies for purposes of Act 808. A review of the Uniform Classification and Compensation Act reveals that these institutions are referred to as "excluded agencies." See Ark. Stat. Ann. 12-3203(b)(5) (Cum. Supp. 1985). The obvious implication is that they would otherwise be deemed "State Agencies" for purposes of the Act. Instead, a separate compensation provision was enacted for these institutions. See Ark. Stat. Ann. 80-4701 et seq. (Repl. 1980).
Although the Attorney General, as a member of the Executive Department, cannot provide controlling definitions of terms where the General Assembly has elected not to provide them, it is logical to conclude in this instance that the terms "state agency" and "state employees" in Act 808 of 1987 extend to institutions of higher learning and their employees. This interpretation is consistent with the requirement that all statutory terms and phrases be liberally construed in order that the true intent of the General Assembly may be fully carried out. Ark. Stat. Ann. 1-203 (Repl. 1976). Assuming that these employees otherwise meet the stated requirements, it is my opinion that Act. 808 extends to those who are active members of the Teacher Retirement System on the effective date of the Act. The answer to your second opinion is yes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.